ALLEN-WEST COMMISSION COMPANY *v.* BROWN.

Opinion delivered March 23, 1901.

MORTGAGE—RECITAL OF PRIOR LIEN—ESTOPPEL.—A mortgage recited in its warranty clause that a part of the land had been conveyed to J. in trust to secure a debt, and that another portion had been conveyed to B. in trust to secure other indebtedness, but that the reference to the former mortgage was not intended to estop the mortgagees from contesting the validity of that mortgage, and that the only object of the recital was to give notice to the mortgagees of the existence of said deeds. *Held,* that, the only object of the recital being to protect the mortgagors in their warranty, the mortgagees could take advantage of the fact that either of the prior mortgages was defectively acknowledged.

Appeal from St. Francis Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Foreclosure proceeding by James P. Brown, trustee, and another against the Allen-West Commission Company and others. From a decree for plaintiffs, the company has appealed.

*J. M. Moore* and *W. B. Smith,* for appellants.

A mortgage constitutes no lien upon the mortgaged property, as against strangers, unless it has been acknowledged and recorded as required by the act. 9 Ark. 112. *Cf.* 42 Ark. 140.

*Norton & Prewitt,* for appellee.

The appellants took with notice, and under an implied agreement not to resist the prior mortgage; hence they are bound. 59 Ark. 280. *Cf.* 23 Atl. 999.

BUNN, C. J. This is a bill in equity in the fifth chancery district, comprising Lee and St. Francis counties, to foreclose a mortgage or deed of trust executed by W. S. Brooks and wife, on the 23d day of May, 1894, to James P. Brown, as trustee, to secure a note of $1,030 given by them to Mrs. Lou M. Latham, of the same date, bearing interest at the rate of ten per cent. per annum from date until paid, and due May 23, 1895, which, with accrued interest, less credits, amounted to the sum of $1,030, the said credits

being equal to the interest.   On a portion of the lands mentioned in the complaint, it is alleged in defendant's answer that Brooks and wife had executed a deed of trust to M. H. Johnson to secure their note to one Norman H. Thompson, which was the subject of litigation in the United States district court, of the Helena district.   This is the only explanation we have of the reference to the Johnson trust deed.   The complaint alleged some mistake of description in the first-named deed of trust, which plaintiffs asked to be corrected.   The plaintiffs in their complaint further state that the Allen-West Commission Company, subsequent to the execution of said first deed of trust, to-wit, on the 15th November, 1894, took from Brooks and wife another mortgage or deed of trust on the same land, except the northeast quarter of southwest quarter of section 22, township 4 north, range 1 west, to secure the payment of a note of $4,689.40; and that on the 10th March, 1897, the said Brooks and wife, by warranty and absolute deed, conveyed said lands in said deed of trust named to Allen-West Commission Company for and in consideration of the cancellation and surrender of their said note and security, which were done.

In their answer the defendants say that, while their said deed of trust from Brooks and wife, in point of time, was junior to the deed of trust sought to be foreclosed, yet that the latter deed of trust was for the wife's lands, and that she only acknowledged the relinquishment of her dower right in the same, and that the record of the same was no notice to the defendants of the mortgage or deed of trust sought to be foreclosed, and that their deed from Brooks and wife gave them an indefeasible title to the lands involved.   But the mortgage or deed of trust to Allen-West Commission Company (in which James P. Brown was trustee also) contained the following provision, explanatory of the warranty clause therein, to-wit:   "And the parties of the first part covenant and agree with the parties of the second and third parts, Brooks and wife, with Brown, trustee, and Allen-West Commission Company, their heirs, assigns and successors, that no part of said real estate is mortgaged, held in trust, or in any wise incumbered, except that a part thereof is conveyed in trust to one M. H. Johnson, as trustee, and a part thereof is conveyed to the said James P. Brown, as trustee, to secure certain indebtedness set out and described in said conveyances, which are duly recorded in the office of the recorder of deeds and mortgages for said Lee county; the one to said Johnson being so recorded in book 12,

page 547 and 554, of the records of said recorder's office, and the one to said Brown being so recorded in record book 18 on page 22 of the records of said office. But this reference to said Johnson's deed of trust is not intended to, and shall not have the effect of, in any way estopping the parties of the second and third parts, of this deed, or in any way interfering with them, in contesting the validity of said Johnson's trust deed, if they, or either of them, hereafter so desire. The only object of said exceptions as to incumbrances in this warranty clause being to give notice to said second and third parties of the existence of said Johnson and Brown trust deed. And the said parties of the first part covenant and agree with the said second and third parties that they have a good, lawful, and perfect right to sell and convey said lands as herein before set out, with the exceptions as aforesaid, and that they will, and their heirs, executors, administrators and assigns shall, forever warrant and defend the title to said lands to said grantee, his heirs and successors in this trust, against the lawful claims of all persons whatsoever."

Sometime after the execution and delivery of this trust deed, Brooks and wife satisfied the same by executing to Allen-West Commission Company the absolute deed to the lands therein described, about which there is no special contention here.

In their statement contained in the transcript on page 16, the plaintiffs say: "As an argument arising on this clause (or provision), we contend that the care taken to provide that the Allen-West Commission Company should not be estopped to assail the trust deed to Johnson, and the failure of any such provision as to the trust deed to James P. Brown, indicate that there was no intention that the Allen-West Commission Company should ever claim, except as subject to the trust deed in favor of Brown, in which Mrs. Latham is beneficiary." On the contrary, the defendants, in their corresponding statement, say that "they deny there is any limitation of their right to contest the Latham deed of trust by virtue of the recital mentioned in the brief of attorneys for plaintiffs, because they say that said recital says in express terms 'that the only object of said exception as to incumbrances in this warranty clause being to give notice to said second and third parties of the existence of said Johnson and Brown trust deeds;' and, furthermore, because the grantors in said Brown trust deed could not thus limit the legal rights of the grantees." These extracts define the only essential issue in this case. Being properly construed,

does the provision in the Allen-West deed of trust give security to the Latham deed of trust, notwithstanding its defective acknowledgement by Mrs. Brooks, and consequently its ineffectiveness as a record as against third parties?

It is not contended that the rule in *Main* v. *Alexander,* 9 Ark. 112, is not still the rule in this state; but it is, in effect, contended by the plaintiffs that a recital in a mortgage, junior in point of time, of the existence of a prior mortgage is notice to the mortgagee of the junior mortgage of the existence of the prior mortgage. That all depends, of course, upon whether or not the recital is a condition upon which, as part of the consideration, the mortgage junior in point of time is executed and accepted. In the recital referred to the mortgagors state by way of covenant and agreement with the other parties that no part of said real estate is mortgaged, held in trust, or otherwise incumbered, except that one part is conveyed to James P. Brown as trustee to secure an indebtedness, and another portion to M. H. Johnson as trustee to secure another indebtedness, both of which conveyances are of record. The recital is: "But this reference to said Johnson trust deed is not intended to, and shall not have the effect of, in any way estopping the parties of the second and third parts, or in any way interfering with them in contesting the validity of said Johnson trust deed, if they or either of them hereafter so desire."

It is contended by the plaintiffs that there is no immunity extended by the mortgagors, Brooks and wife, to the mortgagee, Allen-West Commission Company, and its trustee, by which, notwithstanding they are thus notified of the existence of the Johnson mortgage, nevertheless they may contest the validity of the latter mortgage, if they think proper to do so, and, in granting this immunity to the mortgagee as to the Johnson mortgage, by implication they withhold it from it as against the Latham mortgage. Now, it is plain that the only object the mortgagors had in making this recital was to protect themselves in their warranty; that, whatever the mortgagee might choose to do in the premises, they, the mortgagors, by giving this timely notice and warning of prior incumbrances, would not be bound on their warranty if the mortgagee should be unsuccessful in contesting this prior incumbrance, or might fail to contest them at all. And so it is not a question of the mortgagors granting privileges and immunities to contest prior mortgages at all; for, unless affirmatively prohibited by the instrument under which he claims or otherwise, the mort-

gagee can contest all conflicting claims. But it contains this recital of the condition: "The only object of said exceptions as to incumbrances in this warranty clause being to give notice to said second and third parties of the existence of said Johnson and Brown trust deed." There was no duty nor obligation imposed upon the mortgagee or trustee with reference to either of the prior mortgages. What follows shows clearly that the mortgagor's warranty was not intended to cover the prior incumbrances named. If the mortgagee elected to contest the validity of these prior mortgages, and could show them invalid, all well and good; but if it failed in making such showing, and lost, it was debarred from seeking relief on the warranty. And if it failed to contest at all, the same result should follow.

There was no record notice to the Allen-West Commission Company, at the time it took the mortgage and its subsequent deed, that the lands of Mrs. Brooks had been previously mortgaged to secure the Latham debt; the Latham mortgage being improperly on record.

Reversed, and the bill dismissed.

Wood and Riddick, JJ., not participating.